KINGS COUNTY.—HON. WALTER L. LIVINGSTON, SURROGATE.—JANUARY, 1877.

## MATTER OF McFEELEY.

*In the matter of the Real Estate of* JAMES D. McFEELEY, *deceased.*

If lands of a decedent, sold by order of the Surrogate, are in a city, notice of the sale must be posted in the ward where the land is situated.

The omission to post notice there cannot be disregarded by the Surrogate on an application to confirm the sale.*

The party making such sale is chargeable with notice of the defect of posting, and therefore cannot claim as a *bona fide* purchaser.†

To divest one of his property by a special statutory proceeding, every direction of the statute must be strictly complied with.

THIS was an application on the part of a creditor of the estate of James D. McFeeley, for confirmation of

---

* To same effect, *Matter of Kelly. Abb., New Cas.,* 102

† *.S F. Fryer* v. *Rockefeller,* 63 *N. Y.,* 268; 84 *Hun,* 800; *Watson* v. *Church,* 3 *Hun,* 80; *Knight* v. *Moloney,* 4 *Id.,* 33.

the report of the sale of certain real estate of the decedent. The sale was made under an order of this court by a freeholder, the administrator having refused to proceed with the sale.

Notice of the time and place of sale was published for six weeks in a daily newspaper published in this county where the premises were situated, and was a'so posted for the same length of time in three public places in the different towns and wards in which the several parcels of lands to be sold were respectively located, but the notice was not published in the ward in which the sale took place.

All the proceedings in relation to giving notice of the sale were conducted on behalf of the freeholder by the attorney for the creditor in this matter, and the creditor himself became the purchaser of the premises at the sale.

JOHN H. BERGEN, *for the creditor.*

PHILIP S. CROOKE, *for the administrator.*

THE SURROGATE.—The twenty-fifth section of the fourth title of chapter sixth of part second of the Revised Statutes requires that notice of the time and place of holding the sale shall be posted for six weeks, at three of the most public places in the town or ward where the sale shall be had. (2 *Rev. Stat.* 104.)

That was not done in this case, and the omission is not cured in this court by the remedial provisions of chapter 82 of the laws of 1850, (as amended by chapter 260 of the laws of 1869, and by chapter 92 of the laws of 1872), inasmuch as the fourth section of the said act of 1850 expressly provides that it shall not be construed as authorizing any Surrogate to cofirm any sale of the real property of a deceased person, unless upon due examination he shall be satisfied that the provisions of

the fourth title of chapter sixth of part second of the Revised Statutes have been complied with as if the act of 1850 had not been passed.

Nor can the said defect be disregarded under the provisions of fifty-ninth section of the same title, which declares that no offence in relation to the giving of notice of sale, or the taking down or defacing such notice, shall effect the validity of such sale to any purchaser in good faith, without notice of the irregularity (2 *Rev. Stat.* 110). Because the attorney for the purchaser in this case must be held to have had notice of an irregularity in the proceedings which were conduct by himself; and the purchaser was affected by such notice to his attorney. (*Sugden on Vendor, vol.* 2, *p.* 757 ; *Bank of the U. S.* v. *Davis,* 2 *Hill,* 451.)

In view therefore of the familiar rule of the law that to divest a person of his property by a special statutory proceeding, every direction of the statute must be strictly complied with, which rule has been applied by the courts to sales of this kind *(Redfield Surr. Pr.,* 255), I must deny the present application with leave to sell the property again on proper notice.

Order accordingly.